IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alden Hiott, a/k/a Alden D. Hiott; James Gibson, Next of Friend,<br><br>               Plaintiff,<br><br>v.<br><br>State of South Carolina,<br><br>               Defendant.<br>_____ | C/A No. 4:10-2759-JFA-TER<br><br><br><br><br>ORDER |

The plaintiff, Alden Hiott, is confined as a sexually violent predator (SVP). He brings this action, through his Next of Friend, James Gibson, seeking appointment of an attorney and a guardian ad litem for Mr. Hiott. Although the plaintiff signed the motion to proceed *in forma pauperis*, Mr. Hiott did not sign the complaint form. Rather, it was signed by Mr. Gibson as his Next of Friend. It appears the parties seek removal of a state court action concerning Mr. Hiott's annual review hearing (relating to his status as an SVP) to this court to hold a Rule 59(e) hearing to reconsider a prior decision in state court.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should summarily dismiss this action

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

because this court lacks jurisdiction and Mr. Gibson, as Next of Friend, has no standing to bring this case. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report which was entered on the docket on December 8, 2010. Mr. Gibson filed objections noting that he is in no way seeking to remove the case for Mr. Hiott, nor is he attempting to defend it. Mr. Gibson indicates that Mr. Hiott is incompetent and he seeks only fairness by way of a hearing on state issues that allegedly have violated Mr. Hiott's constitutional rights. Mr. Gibson then contends that no complaint has been filed, so Mr. Hiott's signature would not be required at this point. Because Mr. Gibson has no standing in this action, the objections will not be considered.

As the Magistrate Judge correctly points out in his Report, this court is precluded from reviewing the findings or rulings made by state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Thus, this action must be summarily dismissed.

While the court was preparing this order, Mr. Gibson filed a motion for dismissal without prejudice (ECF No. 17) pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and has attached a stipulation of dismissal signed by Mr. Hiott. However, as Mr. Gibson has no standing in this action, his motion must be dismissed.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

April 21, 2011
Columbia, South Carolina